67 P.3d 64

**COUNTY RESIDENTS AGAINST POLLUTION FROM SEPTAGE SLUDGE (CRAPSS), an unincorporated non-profit association, Gary Pinch, Bill Murray, Bruce Vogel, Paul Cozort, Karen Olson, Mike Schissler, Rosemarie Trudeau, Shirley Nettleingham James, David Rafferty, Don Blaese, Joanne Schilke Vincent, Debbie Schilke, Ron Keenan, Judy Keenan, Mary Ouellette, Peggy Tucker, Harry Roberts, Kathy Brown, Rachel Schenk, Ann Nettleingham Schilke, Leroy Selberg, Leah Selberg, Keith Johnson, Naomi Landon, Plaintiffs–Respondents,**

v.

**BONNER COUNTY, a political subdivision of the State of Idaho acting through the County Board of Commissioners, Dale Van Stone, Commission Chair, Bud Mueller, Commissioner and Brian Orr, Commissioner, in their official capacities, Defendants–Appellants.**

No. 27765.

Supreme Court of Idaho, Boise, March 2003 Term.

April 2, 2003.

John R. Topp, Sandpoint, for appellant.

Scott W. Reed, Coeur d'Alene, for respondent.

EISMANN, Justice.

This is an appeal from the summary dismissal by the Bonner County Board of Commissioners of an appeal from the Bonner County Planning Department. We vacate the order dismissing the appeal and remand this case for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

On July 25, 2000, Vern Caven, d/b/a Ace Septic, submitted a conditional use permit application to the Bonner County Planning and Zoning Commission. He sought to store and apply septic tank sludge on eighty acres of real property owned by Lois Jennen located approximately five miles north of the city of Sandpoint. Residents living in the vicinity of Jennen's real property formed a non-profit association called County Residents Against Pollution from Septage Sludge. After public hearings, the Planning and Zoning Commission approved the conditional use permit on October 25, 2000.

On November 9, 2000, the Plaintiffs filed a notice of appeal with the Bonner County Board of Commissioners ("County Commissioners"), and on December 7, 2000, the Commissioners summarily dismissed the appeal "for failure to state lawful grounds upon which the appeal can be based."

On January 3, 2001, the Plaintiffs filed a petition for judicial review. On April 18, 2001, they filed a motion for summary judgment seeking to have this case remanded to the County Commissioners on the ground that they unlawfully dismissed the appeal from the Planning and Zoning Commission. Bonner County objected on the ground that a motion for summary judgment was not appropriate in a petition for judicial review and that there was no showing that the Commissioners abused their discretion in dismissing the appeal.

The motion for summary judgment was heard on July 11, 2001. Eight days later, the district court entered its order granting the motion. The district court ordered that the case be remanded back to the County Commissioners for a public hearing as provided by county ordinance. The district court later

awarded the Plaintiffs costs and attorney fees totaling $4,439.50. Bonner County timely filed this appeal.

## II. ANALYSIS

A person aggrieved by a planning and zoning decision may seek judicial review of that decision under the Idaho Administrative Procedures Act (IAPA). IDAHO CODE § 67–6521(d) (2001). On an appeal from a decision of a district court acting in its appellate capacity under the IAPA, this Court reviews the agency record independently of the district court's decision. *Sanders Orchard v. Gem County ex rel. Bd. of County Comm'rs*, 137 Idaho 695, 52 P.3d 840 (2002). The Board's zoning decision may be overturned only where it: (a) violates statutory or constitutional provisions; (b) exceeds the agency's statutory authority; (c) was made upon unlawful procedure; (d) is not supported by substantial evidence in the record as a whole; or (e) is arbitrary, capricious, or an abuse of discretion. *Id.;* IDAHO CODE § 67–5279(3) (2001). In addition, the Board's zoning decision must be upheld if substantial rights of the appellant have not been prejudiced. *Sanders Orchard v. Gem County ex rel. Bd. of County Comm'rs*, 137 Idaho 695, 52 P.3d 840 (2002); IDAHO CODE § 67–5279(4) (2001).

Bonner County argues that the district court erred in considering the Plaintiffs' motion for summary judgment because it was not supported by affidavits or a sworn complaint and Bonner County did not have an opportunity to submit affidavits in opposition to the motion. Generally, summary judgment is not the appropriate procedure for resolving a petition for judicial review. The district court is not permitted to receive evidence on appeal except in two limited circumstances,[1] neither of which applies in this case. Plaintiffs' petition for judicial review should have been heard simply as an appellate proceeding, with oral argument, as provided in Rule 84 of the Idaho Rules of Civil Procedure. The district court's action in deciding this appeal upon Plaintiffs' motion for summary judgment, however, did not prejudice Bonner County. The issue upon which Plaintiffs' petition for judicial review was based was clearly presented in their motion for summary judgment, Bonner County filed a written response to the motion, and both parties presented oral argument to the district court regarding the issues raised by the motion.

Pursuant to the authority granted by the Local Land Use Planning Act, IDAHO CODE §§ 67–6501 *et seq.* (2001), the County Commissioners created the Bonner County Planning and Zoning Commission. The County Commissioners also adopted an ordinance providing for appeals to it from a final decision of the Planning and Zoning Commission. That ordinance gave the County Commissioners two options in considering an appeal.[2] The first option authorized them to summarily dismiss the appeal "for failure to state lawful grounds upon which the appeal

---

1. Idaho Code § 67–5276 provides:

   **Additional evidence.**(1) If, before the date set for hearing, application is made to the court for leave to present additional evidence and it is shown to the satisfaction of the court that the additional evidence is material, relates to the validity of the agency action, and that:

   (a) there were good reasons for failure to present it in the proceeding before the agency, the court may remand the matter to the agency with directions that the agency receive additional evidence and conduct additional fact-finding.

   (b) there were alleged irregularities in procedure before the agency, the court may take proof on the matter.

   (2) The agency may modify its action by reason of the additional evidence and shall file any modifications, new findings, or decisions with the reviewing court.

2. The relevant portion of the ordinance provided as follows:

   (d) The options from which the Board of Commissioners may choose in considering any appeal are:

   (1) Dismiss the appeal for failure to state lawful grounds upon which the appeal can be based. This may be done by a facial review of the submitted appeal request.

   (2) Conduct a public hearing on its own to gather additional information concerning the request.

   (3) The Board shall select option (d)(1) or (d)(2) of this Section within thirty (30) days of receipt of a request for appeal and shall notify appellant, in writing, of its choice. In the absence of any such written decision, option (d)(2) of this Section shall be followed.

can be based." The second option required them to "[c]onduct a public hearing on its own to gather additional information concerning the [appeal] request." If the County Commissioners did not select either option within thirty days of receipt of the request for appeal and notify the appellant in writing of its choice, then they were required to conduct the public hearing as required in the second option.

In this case, the County Commissioners conducted a facial review of the notice of appeal and concluded that it did not state lawful grounds upon which the appeal could be based. They therefore summarily dismissed the appeal. The written notice of the dismissal stated: "The County Commissioners at the December 7, 2000, Business Meeting dismissed the referenced presentation of appeal for failure to state lawful grounds upon which the appeal can be based. This was done by a facial review of the submitted appeal. (BCRC, Section 12–451[d] )." The County Commissioners did not specify what was lacking in the notice of appeal in order for it to state grounds upon which the appeal could be based. Likewise, in response to questions from this Court during oral argument, Bonner County was unable to state what was lacking in the notice of appeal.

From our review of the notice of appeal, it clearly stated lawful grounds upon which an appeal could be based. The ordinance specifies the grounds for an appeal as follows:

The grounds for appeals and the standard of review to be exercised by the Board of County Commissioners shall be that the Planning and Zoning Commission findings, conclusions and decision were:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the Commission;

(3) Made upon unlawful procedure;

(4) Arbitrary, capricious, or an abuse of discretion; or

(5) Not supported by substantial evidence on the record as a whole.

The notice of appeal filed by the Plaintiffs stated, "The following grounds of appeal are invoked and it is alleged the Planning and Zoning Commission findings, conclusions and decisions were: 1. Arbitrary, capricious, or an abuse of discretion; and 2. Not supported by substantial evidence on the record as a whole." The notice of appeal then listed fifteen specific factual allegations supporting these grounds for appeal. Those factual allegations were single spaced and covered two and one-half pages. They were clearly sufficient to allege lawful grounds for an appeal.

Bonner County argues that under its ordinance, the County Commissioners can simply dismiss an appeal if they do not want to hear it. That is not what the ordinance states, however. Under the ordinance an appeal can be summarily dismissed only if the notice of appeal does not state on its face lawful grounds for an appeal.

■ Bonner County also argues that Plaintiffs' substantial rights have not been prejudiced by the dismissal of their appeal. It contends that the district court could simply have heard the appeal based upon the record of the proceedings before the Planning and Zoning Commission. Under the ordinance, if the notice of appeal states lawful grounds upon which an appeal can be based, the County Commissioners must conduct a public hearing to obtain additional information. The ordinance provides that at that hearing the Board of County Commissioners "shall decide the matter in the same manner it would as if initial jurisdiction to hear such matters were vested in the Board." [3] Thus, the summary dismissal deprived the Plaintiffs of their right, under the ordinance, to a public hearing at which additional information could be presented, after

3. The relevant portion of the ordinance provides as follows:

(e) Manner of consideration by the Board upon holding a public hearing. If the Board chooses option (d)(2) of this Section, it shall proceed to conduct a public hearing on the matter which is the subject of appeal and shall decide the matter in the same manner it would as if initial jurisdiction to hear such matters was vested in the Board. All procedures to be followed pursuant to option (d)(2) of this Section shall comply with provisions of Chapter 26 of this Title, and Idaho Code, title 67, chapter 65 [the Local Land Use Planning Act].

which the County Commissioners must decide the matter as if it were originally presented to them. The summary dismissal of their appeal clearly prejudiced the Plaintiffs' substantial rights.

■ The district court awarded the Plaintiffs attorney fees, pursuant to Idaho Code § 12–117(1), in the sum of $3,812.50. That statute provides:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

Bonner County argues that it acted with a reasonable basis in fact or law because it simply followed its ordinance. As shown above, however, it clearly did not. It simply arbitrarily dismissed Plaintiffs' appeal with no basis under the ordinance for doing so. When it did so, Bonner County acted without a reasonable basis in fact or law. We therefore affirm the district court's award of attorney fees to the Plaintiffs, and we grant their request for an additional award of attorney fees on this appeal.

### III. CONCLUSION

The order of the County Commissioners is vacated and this matter is remanded for further proceedings. We affirm the district court's award of attorney fees to the Plaintiffs, and we award them costs, including attorney fees, on appeal.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.