**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 35730**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF KIRK-HUGHES DEVELOPMENT, LLC FOR PLANNED UNIT DEVELOPMENT CHATEAU DE LOIRE _____ KIRK-HUGHES DEVELOPMENT, LLC Appellant, v. KOOTENAI COUNTY BOARD OF COUNTY COMMISSIONERS; ELMER R. CURRIE; RICHARD A. PIAZZA and W. TODD TONDEE, Respondents, And NEIGHBORS FOR RESPONSIBLE GROWTH, a non-profit unincorporated association; NORBERT and BEVERLY TWILLMANN, husband and wife, SUSAN MELKA; BILL and SYLVIA LAMPARD, husband and wife; DAVID and BARBARA WARDSWORTH, husband and wife; and HEATHER BOWLBY, Intervenors/Respondents. | Coeur d'Alene, April 2010 Term 2010 Opinion No. 62 Filed: June 2, 2010 Stephen W. Kenyon, Clerk |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. John Patrick Luster, District Judge.

The ruling of the district court is <u>affirmed</u>. Costs are awarded to Kootenai County Board of Commissioners and Neighbors.

Leroy Law Office, Boise, and Freilich & Popowitz, LLP, for Appellant. Robert Freilich argued.

Patrick M. Braden, Coeur d'Alene, for Respondent Kootenai County Board of County Commissioners and Scott W. Reed, Coeur d'Alene, for Intervenors/Respondents. Patrick Braden and Scott Reed argued.

_____

W. JONES, Justice

## I. FACTS AND PROCEDURAL HISTORY

The appellant, Kirk-Hughes Development, LLC (Kirk-Hughes), purchased five hundred and seventy-eight acres of land for development located in Kootenai County, Idaho. The land is on the eastern shore of Lake Coeur d'Alene and spans both sides of State Highway 97; of the five hundred and seventy-eight acres, about three hundred and ninety-three acres are zoned Rural and about one hundred and eighty-four are zoned Restricted Residential. Under the terms of Kootenai County Zoning Ordinance No. 348 (the Zoning Ordinance), the minimum lot size in the Rural Zone is five acres, and the minimum lot size in the Restricted Residential Zone is 8,250 square feet. Since purchasing the land, Kirk-Hughes has sought to develop a community consisting of no more than five hundred residential units. The community was to include single family units, condominiums, and villas; retail space; a championship golf course; a spa; an athletic center; fishing ponds; walking, hiking, and biking trails; an amphitheatre; a community dock; a fire station; and a helipad for emergency needs.

On April 12, 2005, Kirk-Hughes submitted its first application for approval of the proposed planned unit development (PUD); a public hearing was held before a hearing examiner. The respondent, Kootenai County Board of Commissioners (the Board), subsequently held a public hearing and denied the application on August 24, 2006. Kirk-Hughes filed a timely notice of appeal in the district court. Kirk-Hughes and the Board entered into a post-mediation agreement (the Agreement) on January 19, 2007. Under the terms of the Agreement, the appeal was stayed, and the Board agreed to consider a new application on an expedited basis. The Agreement also set forth actions Kirk-Hughes could take in order to obtain approval.

On March 14, 2007, Kirk-Hughes filed a second application that consisted of a modified PUD and a request to obtain subdivision approval. A public hearing was held before a hearing examiner who later issued a report recommending denial of the application. On November 19, 2007, the Board held a public hearing and on December 20, 2007, the Board denied the application. Kirk-Hughes filed a notice of appeal in the district court on January 9, 2008, and the parties, through a stipulation, consolidated the first and second appeals.

Kirk-Hughes subsequently filed a motion to enforce the Agreement and on March 4, 2008, the district court issued an order denying the motion. On April 22, 2008, Kirk-Hughes

sought reconsideration of the ruling of the district court; the same day, Kirk-Hughes filed a motion to obtain a ruling on the first appeal concerning the denial of the first application.

Neighbors for Responsible Growth (Neighbors) filed a motion to intervene in the petition for judicial review. The district court entered an order granting the motion.

After a number of motions and objections were filed by the parties, supplemental briefs were submitted addressing both the first and second appeals, and a hearing was held before the district court whereat both appeals were addressed. On August 14, 2008, the district court entered a memorandum opinion and order and an amended memorandum and order—both in favor of the Board on all counts. In its opinion, the court reviewed the issues asserted in the second appeal. The district court did not address the issues raised in the first appeal because it found that even if the decision of the Board was in error, Kirk-Hughes's substantial rights had not been prejudiced. Kirk-Hughes filed a notice of appeal on September 19, 2008, appealing from the amended memorandum opinion and order of the district court.

## II. ISSUES ON APPEAL

1. Whether the denial of the second application by the Board was arbitrary or capricious.

2. Whether the Board was equitably estopped, when reviewing the second application, from raising issues that were not addressed in the Agreement or the written denial of the first application.

3. Whether the Board was barred by res judicata or claim preclusion from asserting deficiencies with the second application that were asserted when the Board denied the first application.

4. Whether Kirk-Hughes's due process rights were violated.

5. Whether Kirk-Hughes should be awarded attorney fees on appeal.

6. Whether Neighbors should be awarded attorney fees on appeal.

## III. STANDARD OF REVIEW

"Local Land Use Planning Act (LLUPA) allows an affected person to seek judicial review of an approval or denial of a land use application, as provided for in chapter 52, title 67, Idaho Code, the Idaho Administrative Procedure Act (IDAPA)." *Neighbors for a Healthy Gold Fork v. Valley County*, 145 Idaho 121, 126, 176 P.3d 126, 131 (2007) (citing *Cowan v. Bd. of Comm'rs of Fremont County*, 143 Idaho 501, 508, 148 P.3d 1247, 1254 (2006)). On appeal from the district court, the Supreme Court of Idaho "reviews the agency record independently of the district court's decision." *Spencer v. Kootenai County*, 145 Idaho 448, 452, 180 P.3d 487, 491 (2008) (citing *Cowan*, 143 Idaho at 508, 148 P.3d at 1254). In reviewing factual issues, this

Court conducts independent review of the agency record. *Dry Creek Partners, LLC, v. Ada County Com'rs, ex rel. State*, 148 Idaho 11, __, 217 P.3d 1282, 1287 (2009) (citing *Wohrle v. Kootenai County*, 147 Idaho 267, 273, 207 P.3d 998, 1004 (2009); *Neighbors for a Healthy Gold Fork*, 145 Idaho at 126, 176 P.3d at 131). "As to the weight of the evidence on questions of fact, this Court will not substitute its judgment for that of the zoning agency." *Id.* (citing *Cowan*, 143 Idaho at 508, 148 P.3d at 1254).

> The [C]ourt shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion.

I.C. § 67-5279(3); *Neighbors for a Healthy Gold Fork*, 145 Idaho at 126, 176 P.3d at 131; *Urrutia v. Blaine County*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000). "Notwithstanding the provisions of subsections . . . (3) of this section, agency action shall be affirmed unless substantial rights of the appellant have been prejudiced." I.C. § 67-5279(4). "If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." I.C. § 67-5279(3).

## IV. DISCUSSION

### I. Kirk-Hughes failed to appeal the decision of the district court that its substantial rights have not been prejudiced.

Kirk-Hughes asserts four claims on appeal: (1) the denial of the second application by the Board was arbitrary and capricious; (2) the district court failed to properly recognize that the Board was equitably estopped, when reviewing the second application, from raising issues that were not addressed in the written denial of the first application; (3) res judicata and claim preclusion should have prevented the Board from asserting new deficiencies that were not raised when the first application was denied; and (4) its due process rights were violated. Kirk-Hughes, however, failed to appeal the decision of the district court that its substantial rights have not been prejudiced.

The party challenging the decision of the Board must not only demonstrate that the Board erred in a manner specified in I.C. § 67-5279(3) but must also show that its substantial rights have been prejudiced. I.C. § 67-5279(4); *Dry Creek Partners,* 148 Idaho at __, 217 P.3d at 1287 (citing *Neighbors for a Healthy Gold Fork*, 145 Idaho at 126, 176 P.3d at 131). The

4

district court found that denial of the application by the Board did not prejudice Kirk-Hughes's substantial rights, and Kirk-Hughes failed to challenge this finding on appeal. The only claim by Kirk-Hughes that its rights have been prejudiced was written in a conclusory manner and located in the conclusion of its brief. Kirk-Hughes wrote: "Substantial rights of [Kirk-Hughes] as a landowner have been prejudiced, and [Kirk-Hughes's] due process rights have been violated." This statement is conclusory and without more, is insufficient. *Bingham v. Montane Res. Assoc.*, 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999) (stating that "[t]his Court will not consider issues cited on appeal that are not supported by propositions of law, authority or argument." (citing *Meisner v. Potlatch Corp.*, 131 Idaho 258, 263, 954 P.2d 676, 681 (1998), *cert. denied*, 525 U.S. 818 (1998))).

Because Kirk-Hughes did not appeal the decision of the district court, we need not review the remaining issues.

## II.    Attorney fees are not awarded to Kirk-Hughes on appeal.

Kirk-Hughes requests attorney fees on appeal under I.C. § 12-117. Kirk-Hughes does not receive attorney fees because it is not the prevailing party.

## III.    Attorney fees are not awarded to Neighbors on appeal.

Neighbors claim they are entitled to attorney fees on appeal under I.C. § 12-121 because Kirk-Hughes simply asks this Court to second-guess the trial court. Nevertheless, I.C. § 12-121 is not applicable because this is a petition for judicial review of an agency decision and I.C. § 12-121 only applies to civil actions. *See Lowery v. Board of County Com'rs for Ada County*, 117 Idaho 1079, 1081–82, 793 P.2d 1251, 1253–54 (1990) (holding that a case on petition for judicial review of a county action was not a civil action because it did not commence with the filing of a complaint and consequently found that it was an error for the district court to award fees under I.C. § 12-121). The Board has not sought attorney fees on appeal.

## V.    CONCLUSION

For the foregoing reasons, this Court affirms the ruling of the district court. This Court does not award Kirk-Hughes or Neighbors attorney fees on appeal. Costs to Kootenai County Board of Commissioners and Neighbors.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**