## IN THE SUPREME COURT OF THE STATE OF IDAHO
**Docket No. 36943**

| | |
|---|---|
| IN THE MATTER OF THE APPROVAL OF A CONDITIONAL USE PERMIT #CUP-2008-3.<br>-------------------------------------------------------<br>MARY KREMPASKY,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>NEZ PERCE COUNTY PLANNING AND ZONING,<br><br>    Respondent<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Lewiston, November 2010 Term**<br><br>**2010 Opinion No. 134**<br><br>**Filed: December 20, 2010**<br><br>**Stephen W. Kenyon, Clerk** |

Appeal from the Second Judicial District of the State of Idaho, Nez Perce County. Hon. Jeff J. Brudie, District Judge.

The decision of the district court is <u>affirmed</u>. No attorney fees are awarded on appeal. Costs to Respondent.

Edwin L. Litteneker, Lewiston, for Appellant.

Nez Perce County Prosecutor's Office, Lewiston, for Respondents. Nance Ceccarelli argued.

_____

W. JONES, Justice

### I.  NATURE OF THE CASE

Gary Kazda applied for and was granted a conditional-use permit by the Nez Perce County Planning and Zoning Commission (the "Commission") in order to develop a Tuscan Wedding and Event Center ("Event Center") on a five-acre parcel of land. Appellant Mary Krempasky, who lives near the parcel, challenged the Commission's decision in the district court. The district court affirmed the Commission's grant of the permit. Krempasky appeals to this Court, alleging several violations of I.C. § 67-5279(3).

### II.  FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2008, Kazda filed an application with the Commission for a conditional-use permit (titled "CUP-2008-3") to develop the Event Center on a five-acre parcel. Kazda also

1

proposed building a home on the property, but the residence was not to be used in the commercial venture. The purpose of the Event Center was to hold weddings and other similar outdoor events. The application included, among other supporting documents, a narrative from Kazda describing the Event Center and its compliance with the Nez Perce County Comprehensive Plan Land Use Designation (the "Comprehensive Plan"), as well as a traffic study comparison completed by Kazda's engineer which concluded that traffic would not be negatively affected by the Event Center.

Krempasky lives in a single-family residence located next to a residential subdivision directly adjacent to the proposed Event Center. Nez Perce County Planning and Building staff prepared a review of the application and a recommendation (the "Staff Report"). The Staff Report found that the Event Center met the goals and policies of the Comprehensive Plan and also met the criteria contained in Nez Perce County Ordinances 72cc and 72z,[1] and thus recommended that CUP 2008-3 be approved as a conditional use.

A public hearing regarding the permit was held on September 16, 2008. Kazda and his engineer Brad Marshall both testified as to the compliance of the application with the Comprehensive Plan, and also discussed the issues of noise and traffic of concern to residents. Ten residents, including Krempasky, testified regarding their opposition to CUP 2008-3, particularly their shared concerns of noise and traffic. The residents provided no actual evidence to support these fears or concerns. Kazda and Marshall offered testimony in rebuttal, again speaking to the neighbors' concerns of noise and traffic, and answered questions from residents in attendance and from the Commissioners.

The Commission then deliberated extensively based on the information contained in the Staff Report, the testimony in opposition, the testimony in favor, and the petition in opposition signed by forty residents, and voted unanimously to approve the application, but to lower the maximum decibel level from seventy-five to sixty-five in order to accommodate the concerns about noise. As required by Nez Perce County Zoning Ordinance 72z, and I.C. § 67-6535, a written version of the Findings of Fact and Conclusions of Law was prepared. An initial attempt

---

[1] Nez Perce County Ordinance 72cc was passed on September 2, 2008 and amends Nez Perce County Ordinance 72z "to allow commercial special events centers as a conditional use in all zoning districts." Nez Perce County, Idaho, Ordinances, Zoning Ordinance 72cc, at 1 (2008) [hereinafter Ordinance 72cc]. Krempasky makes no claim that Kazda's application should have been considered under the previous version of the ordinance, which did not provide for event centers, and we therefore express no opinion on the matter.

to adopt them at a meeting on October 21, 2008 failed because a quorum was not reached, but the Findings and Conclusions were officially adopted at a special meeting of the Commission held November 10, 2008.

On November 24, 2008, Krempasky filed an appeal of the Commission's decision to the Nez Perce County Commissioners, who subsequently held an administrative hearing pursuant to § 14.3(B) of Ordinance 72z. The Board reportedly decided not to accept jurisdiction of the case because the Commission had made its decision fairly. Krempasky filed a petition for judicial review to the district court on January 30, 2009, and after oral argument, the district court affirmed the grant of the permit and held that the decision of the Commission was not an abuse of discretion or based on unlawful procedure. Krempasky now appeals the decision of the district court, alleging the Commission violated I.C. § 67-5279(3).

### III.    ISSUES ON APPEAL

1. Whether the decision to grant CUP 2008-3 prejudiced Krempasky's substantial rights.

2. Whether the decision to grant CUP 2008-3 violated Krempasky's due-process rights.

3. Whether the decision to grant CUP 2008-3 was arbitrary, capricious, or an abuse of discretion.

4. Whether the decision to grant CUP 2008-3 was made upon unlawful procedure or was not supported by substantial evidence in the record.

5. Whether either party is entitled to attorney fees on appeal.

### IV.    STANDARD OF REVIEW

"The Local Land Use Planning Act (LLUPA) allows an affected person to seek judicial review of the approval or denial of a land use application, as provided for in the Idaho Administrative Procedures Act (IDAPA)." *Evans v. Teton Cnty.*, 139 Idaho 71, 74, 73 P.3d 84, 87 (2003); I.C. § 67-6521(1)(d). Krempasky is an "affected person" because she has "an interest in real property which may be adversely affected by the issuance or denial of a permit" authorizing development. I.C. § 67-6521(1)(a). A local agency making a land use decision, such as the Planning and Zoning Commission, is treated as a government agency under the IDAPA. *Evans*, 139 Idaho at 74, 73 P.3d at 87 (citing *Urrutia v. Blaine Cnty.*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000)). On appeal from a decision of the district court acting in its appellate capacity from an agency decision under the IDAPA, this Court reviews the agency record independently

3

of the district court's decision. *Stevenson v. Blaine Cnty.*, 134 Idaho 756, 759, 9 P.3d 1222, 1225 (2000).

However, this Court will not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact and will defer to the agency's findings unless they are clearly erroneous. *Id.* This Court also gives a strong presumption of validity to the zoning body's application and interpretation of its own zoning ordinances. *Evans v. Bd. of Comm'rs,* 137 Idaho 428, 431, 50 P.3d 443, 446 (2002). The decision of the Planning and Zoning Commission will only be overturned if it violates a substantial right of a party and its findings: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3); *Price v. Payette Cnty. Bd. of Cnty. Comm'rs,* 131 Idaho 426, 429, 958 P.2d 583, 586 (1998).

## V. ANALYSIS

### A. The Decision to Grant CUP 2008-3 Is Affirmed Because Krempasky Fails to Show Prejudice to a Substantial Right.

In order to prevail, Krempasky must show not only that I.C. § 67-5279(3) was violated in one of the ways enumerated in the statute, but also that a substantial right has been prejudiced. I.C. § 67-5279(4); *Price*, 131 Idaho at 429, 958 P.2d at 586. Krempasky only briefly addresses any prejudice to a substantial right, by alleging in a conclusory manner that her property rights have been prejudiced by the grant of the permit because of "noise, commercial traffic and a disproportionately large building in the residential area." However, she does not provide any applicable authority to support the allegation that these complaints constitute prejudice to a substantial right. She relies on *Lane Ranch Partnership v. City of Sun Valley*, 145 Idaho 87, 91, 175 P.3d 776, 780 (2007), which holds only that an inability to properly access or develop one's land because of the denial of a permit prejudices a substantial property right. Further, the district court expressly found that Krempasky "has not met the second prong of her burden, which is to show a substantial right of the Petitioner has been prejudiced by the granting of the permit," and Krempasky failed to challenge this finding on appeal. Therefore, this Court need not review it. *Kirk-Hughes Dev., LLC v. Kootenai Cnty. Bd. of Cnty. Comm'rs*, 149 Idaho 555, ---, 237 P.3d 652, 655 (2010). Krempasky fails to sufficiently allege how her substantial rights are prejudiced by the permit and thus this Court affirms the grant of CUP 2008-3 on those grounds.

### B. Krempasky Waived Her Due Process Argument Because It Was Not Raised Below.

Krempasky argues that she was deprived of due process because the decision of the Commission to grant CUP 2008-3 was based on prejudgment bias. In particular, Krempasky argues that "all of the Planning and Zoning Commissioners had concluded that the conditional use application was going to be approved regardless of what the neighbors indicated" at the public hearing. This Court has held that "[d]ecisions by a zoning board applying general rules or specific policies to specific individuals, interests or situations, are quasi-judicial in nature and subject to due process constraints." *Eacret v. Bonner Cnty.*, 139 Idaho 780, 784, 86 P.3d 494, 498 (2004) (citing *Cooper v. Bd. of Cnty. Comm'rs of Ada Cnty.*, 101 Idaho 407, 411, 614 P.2d 947, 951 (1980)). Further, "[b]ias of a board member renders his participation in the due process hearing constitutionally unacceptable." *Eacret*, 139 Idaho at 784, 86 P.3d at 498 (citing *Johnson v. Bonner Cnty. Sch. Dist. No. 82*, 126 Idaho 490, 494, 887 P.2d 35, 39 (1994)). Here, Krempasky argues that the entire Commission was biased because it had already made its decision before the public had a chance to comment at the hearing. She states that comments made by the Chairman and individual Commission members "rise to the level of injecting into the process such a bias that Ms. Krempasky did not receive the process due." [2]

Krempasky did not raise this due-process argument below, and the district court made no ruling on it. [3] "It is well established that in order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for an assignment of error." *Whitted v. Canyon Cnty. Bd. of Comm'rs*, 137 Idaho 118, 121, 44 P.3d 1173, 1176 (2002) (citations omitted). "[I]ssues not raised below but raised for the first time on appeal will not be considered

---

[2] The first comment Krempasky points to in her brief was made by the Chairman in the context of the application meeting the criteria of the Comprehensive Plan. He stated:

> But if they meet it, and the sad part is that the comprehensive plan in this particular case doesn't fit well with the community around it. Having said that, we can't take a comprehensive plan, in my view, and put it together and put it out there for people to use and then when someone doesn't like it we go in and move the target and go, this is what we want you to do but when you get here we're going to move it over here. I don't think it's a prudent thing to do, because that's what the comprehensive plan is there for. It's in writing. We've all approved it here.

The other comments she points to were made by unknown speakers. The first was in response to the Chairman's call to vote on the application once the Commission had finished deliberating on the noise issue. The speaker answered, "Yes, I don't think we have much choice anyway," and another stated, "I don't think we have much of a choice, honestly." However, immediately after those statements, the Chairman and Commissioners deliberated even further on possible ways to limit the sound and traffic while still staying within the guide of the Comprehensive Plan.

[3] Krempasky did not allege a due process violation in her Petition for Judicial Review. While her counsel did reference the statements she now uses in support of her due process argument during oral argument before the district court, he never argued that there was a violation of due process, and in addition, the district court did not make a ruling based on any due process argument.

5

or reviewed." *Id.* at 122, 44 P.3d at 1177 (citations omitted). Thus, Krempasky waived this argument on appeal and this Court will not consider it.

**C.      The Commission's Decision to Grant CUP 2008-3 Was Not Arbitrary, Capricious, or an Abuse of Discretion.**

Krempasky argues that the Commission's decision was arbitrary, capricious, and an abuse of discretion under I.C. § 67-5279(3). She argues that the Commission failed to exercise any discretion, and uses the same statements made by the Chairman and individual Commissioners regarding the application's compliance with the Comprehensive Plan that she used in her due process argument above to support this argument as well. *See supra*, n. 2 (listing the comments). So long as the Commission "perceived the issue in question as discretionary, acted within the outer limits of its discretion and consistently with the legal standards applicable to the available choices, and reached its own decision through an exercise of reason," it did not abuse its discretion. *Haw v. Idaho State Bd. of Med.*, 143 Idaho 51, 54, 137 P.3d 438, 441 (2006). Here the Commission recognized and exercised its discretion by allowing for evidence and testimony from both sides, and weighing that evidence and testimony in light of the goals of the Comprehensive Plan and requirements of Ordinances 72z and 72cc, before ultimately concluding that the application met the criteria required by the ordinances, and should be granted. While Krempasky and the other residents presented no actual evidence to support their fears and concerns regarding the Event Center, Kazda provided ample evidence in the form of reports and testimony from his engineer, as well as several other supporting documents Kazda attached to the application. The Commission properly exercised its discretion in weighing this evidence and determining that the application should be granted. The Commission also recognized and exercised its discretion in lowering the maximum decibel level that Kazda initially applied for from seventy-five decibels to sixty-five decibels to accommodate the concerns of the residents. Thus, this Court finds that the Commission did not abuse its discretion.

Krempasky argues that the decision of the Commission was arbitrary and capricious because the Commission did not analyze and correctly apply the Comprehensive Plan to the application. She argues that the Comprehensive Plan does not allow for a commercial venture in a "transitional" area. This Court has held that while requirements of applicable ordinances are binding on a body rendering a zoning or permit decision, a comprehensive plan is not. *Urrutia v. Blaine Cnty.*, 134 Idaho 353, 357–58, 2 P.3d 738, 742–43 (2000). A comprehensive plan reflects

6

the "desirable goals and objectives, or desirable future situations" of the use of land. I.C. § 65-6508. "[A] comprehensive plan does not operate as legally controlling zoning law, but rather serves to guide and advise the governmental agencies responsible for making zoning decisions." *Urrutia*, 134 Idaho at 357–58, 2 P.3d at 742–43. The purpose of the Comprehensive Plan here is "to guide future growth in a manner consistent with the reasons people enjoy living and working in Nez Perce County."

Here, the parcel in question was located in a "transitional" zone under the Comprehensive Plan. The Comprehensive Plan states that "transitional lands" are designated for "mixed-use" and to provide opportunities for "residential locations near employment, shopping and city services." The Commission did not act arbitrarily or capriciously because it discussed at the public hearing the other types of commercial ventures in Nez Perce County located in similar areas to the proposed Event Center, and how those ventures had impacted the community. The Commission properly used the Comprehensive Plan as a guide, and was not bound by the "residential" language contained in its designation for transitional lands. "Transitional lands" are set up for mixed-use, and thus it was not arbitrary, capricious, or an abuse of discretion to find that the Event Center was still in line with the general purpose stated in the Comprehensive Plan. Further, the Commission found that the Event Center met the specific Land Use Goal #3 of the Comprehensive Plan, "[t]o provide for areas of human habitation and commercial activity in ways that will restrain urban sprawl, protect the human and natural environment, and insure adequate support by public facilities." As required by this Court's precedent, the Commission "extensively reviewed the comprehensive plan, considering both the positive and negative aspects of [the] proposal . . . [i]n the end, the [Commission] determined that the proposed use was harmonious and in accordance with the comprehensive plan." *Whitted*, 137 Idaho at 123, 33 P.3d at 1178. Therefore, this Court finds the decision to approve the permit using the Comprehensive Plan as a guide was not arbitrary or capricious.

**D.     The Commission's Decision to Grant CUP 2008-3 was Based on Lawful Procedure and There Is Substantial Evidence in the Record to Support the Decision.**

Krempasky argues that the decision to grant CUP 2008-3 was based on unlawful procedure and not supported by substantial evidence because the Commission did not make its own findings of fact and conclusions of law, and rather just approved the findings and conclusions of the Staff Report. A finding of fact is "a determination by a judge, jury, or administrative agency of a fact supported by evidence in the record." *Black's Law Dictionary*

7

708 (9th ed., 2009). The Findings of Fact entered by the Commission on November 10, 2008, were supported by substantial evidence in the record, including the testimony taken by both sides at the public hearing, the Staff Report, the traffic and noise reports, and the other documents submitted along with the application. The Commission stated at the start of its Findings of Fact that it had "considered as part of the record of the proceeding the entire record and file of the application for a Conditional Use Permit, and furthermore, considered any and all information, whether oral or written, that was received at the time and place of the public hearing presented by the Applicant or other interested persons." Thus, the totality of evidence considered by the Commission in support of its Findings and Conclusions was substantial.

Krempasky also argues that because the Findings of Fact and Conclusions of Law were not entered simultaneously with the grant of CUP 2008-3 at the public hearing, but rather were adopted at a special meeting of the Commission on November 10, 2008, that this was an unlawful procedure. However, she cites no authority that states that the findings and conclusions must be entered simultaneously with the adoption, or that not doing so is unlawful. Rather, Ordinance 72z requires only that a decision made pursuant to the authority of the Ordinance, such as this one, shall include which ordinances and standards were used to evaluate the application and "the reasons for approval or denial, including the relevant criteria and standards of the Comprehensive Plan, the facts relied upon, and the rationale for the decision." Nez Perce County, Idaho, Ordinances, Zoning Ordinance 72z, at 61 (2008). Each of these requirements is properly included in the Commission's decision dated November 10, 2008.

Further, the Commission followed lawful procedure in considering the mandatory criteria for a conditional-use permit. Under the Idaho Code, a conditional-use permit may be granted if the conditional use is "permitted by the terms of the ordinance" and "when it is not in conflict with the [comprehensive] plan." I.C. § 67-6512. Ordinance 72cc amends Ordinance 72z "to allow commercial special events centers as a conditional use in all zoning districts," subject to the seven criteria contained within. Nez Perce County, Idaho, Ordinances, Zoning Ordinance 72cc, at 1 (2008) [hereinafter Ordinance 72cc].[4] While a decision to approve a permit is not

---

[4] These seven criteria include:

   1. Minimum area – The size of the site must be adequate to accommodate the event, attendees, and parking unless provisions have been made for off-site parking. Adequacy of the site shall be reasonably determined by the Commission.

required to strictly conform to a comprehensive plan, it must conform to the requirements of an applicable ordinance. *Urrutia*, 134 Idaho at 358–59, 2 P.3d at 743–44. The Commission here properly followed the law in evaluating each criterion of the applicable ordinance, Ordinance 72z as amended by Ordinance 72cc, concluding that the application met each one, and further concluding that the application did not conflict with the goals and policies of the Comprehensive Plan.

Krempasky also argues that the failure of the Commission to consider the home occupation provision of Ordinance 72z constituted unlawful procedure. However, under Ordinance 72z, in order for the home occupation provision to apply, the "professional or commercial activity for financial gain" must be "carried on within the residence." Ordinance 72z, at 9. Kazda stated that the residence to be built on the five-acre parcel would not be involved in the Event Center, and therefore the commercial activity would not be carried on within the residence. As a result, the Commission was correct in declining to address the home occupation provision. Thus, this Court finds that the decision to grant CUP 2008-3 was based on both substantial evidence and lawful procedure.

**E.     No Attorney Fees Are Awarded on Appeal.**

---

2.  A detailed plan and event description including but not limited to security, access, people management, traffic management, parking, waste control and disposition, litter control plans and any reasonable information requested by the Zoning Official shall be submitted with the application. Copies of the site plan and event descriptions shall be submitted to the Nez Perce County Sheriff's Department, Nez Perce County Road and Bridge Department, North Central District Health Department, Idaho Department of Transportation, any applicable fire protection district, Department of Environmental Quality, and any other agencies requested by the Zoning Official. The reviewing parties shall transmit their comments to the Department of Planning and Building Services, who in turn, will compile and forward a report to the Commission.

3.  Lighting shall be downward directed and shielded away from abutting roads and lots with established residential uses.

4.  The Commission may impose such reasonable conditions as the record may indicate necessary to visually screen, control dust, reduce nuisance factors such as noise, manage traffic, buffer adjoining uses, mitigate affects [sic] on water or air quality, limit the duration of the permit, or otherwise provide for the health, safety, or general welfare of the event participants.

5.  One (1) parking space will be provided for each three (3) seating spaces and said parking area shall be restricted to a clearly designated area, which has clearly delineated boundaries.

6.  Maximum noise threshold shall be 75dBa as measured at the lot lines.

7.  There shall be no parking or construction over existing drainfields.

Nez Perce County, Idaho, Ordinances, Zoning Ordinance 72cc, at 2 (2008).

Krempasky asks for attorney fees under I.C. § 12-117(1) as a prevailing party. Krempasky is not the prevailing party and even if she were, "I.C. § 12-117(1) does not allow a court to award attorney fees in an appeal from an administrative decision." *Smith v. Washington Cnty.*, No. 35851, 2010 WL 5093625, at \*3 (Idaho Dec. 15, 2010). Thus, no fees are awarded to her under that section. Nez Perce County requests an award of fees pursuant to I.C. § 12-121. A party can only be awarded attorney fees under I.C. § 12-121 in a "civil action." I.C. § 12-121. This is a petition for judicial review from an administrative decision and thus is not a civil action. *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, 147 Idaho 56, 59, 205 P.3d 1192, 1196 (2009). Thus, no attorney fees will be awarded to Nez Perce County.

## VI. CONCLUSION

This Court affirms the decision of the district court and upholds the grant of CUP 2008-3. Krempasky fails to show that her substantial rights have been prejudiced. She waived her due process argument by failing to raise it below. Further, the decision to grant CUP 2008-3 did not violate Krempasky's due process rights, was not arbitrary, capricious, or an abuse of discretion, and was based on lawful procedure and supported by substantial evidence. No attorney fees are awarded on appeal. Costs to the Respondent.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**