# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 36742

| | |
|---|---|
| STAN HAWKINS,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>BONNEVILLE COUNTY BOARD OF COMMISSIONERS, acting as Board of Adjustment<br><br>    Respondent,<br><br>And<br><br>DALE and MARLA MEYER, husband and wife,<br><br>    Applicants. | Boise, February 2011 Term<br><br>2011 Opinion No. 73<br><br>Filed: June 28, 2011<br><br>Stephen W. Kenyon, Clerk |

Appeal from the district court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

The decision of the district court is <u>affirmed.</u> Costs are awarded to Respondent.

Holden, Kidwell, Hahn & Crapo, PLLC, Idaho Falls, for Appellant. Dale W. Storer argued.

Bonneville County Prosecuting Attorney, Idaho Falls, for Respondent. Weston S. Davis argued.

_____

W. JONES, J.

## I. NATURE OF THE CASE

Stan Hawkins appeals a decision by the Bonneville County Board of Commissioners to grant his neighbors, Dale and Marla Meyer, variances allowing them to replace aging homes on two of their parcels of land. Because Hawkins does not show that awarding the variances prejudiced any of his substantial rights, this Court affirms the district court's dismissal of the petition for judicial review.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Dale and Marla Meyer own two rural parcels zoned agriculture-1 ("A-1") near Bone Road in Bonneville County, Idaho. The two lots each contain a home, one built around 1912 and the other built in 1936. Both homes have been uninhabitable for roughly ten years. The Meyers bought one of the properties in 1972 and the other in 2001. A single-lane road, known to the parties as the "spur road," connects the Meyers' properties to Bone Road by running over grazing land owned by Stan Hawkins, Appellant. People living in the homes on the Meyers' land regularly used the spur road for decades to access their properties. It appears that no court has adjudicated what easement rights, if any, exist over this road in favor of the Meyers' parcels. There is also conflicting evidence as to whether the road is actually an unimproved county road and not a private drive at all.

Bonneville County enacted its zoning ordinance in 1959, after the homes on the Meyers' land were built and occupied. Bonneville Cnty., Idaho, Zoning & Building Ordinance (1959) [hereinafter BCZBO]. The zoning ordinance requires dwelling lots in an A-1 zone to have at least one-hundred feet of frontage along a county-approved road. BCZBO § 1-707 (2007). At the time the County enacted the ordinance, neither property apparently had any public-road frontage. Despite the fact that their prior nonconforming right not to comply with the frontage ordinance may have been "grandfathered in," Dale and Marla Meyer filed for variances to build a new house, one on each of their two parcels, in January of 2007. They believed variances were necessary because their properties did not comply with the frontage ordinance.

After a hearing at which Hawkins testified against the Meyers' application, the Bonneville County Planning and Zoning Commission held that variances were unnecessary because the homes were a permitted prior nonconforming use, but granted one anyway. The Board of Commissioners (the "Board") held a de novo hearing and affirmed the decision to issue the variances, reasoning that the Meyers' properties were "grandfathered in" so that the frontage ordinance did not apply. Hawkins next petitioned for judicial review. In dismissing Hawkins' Petition and his subsequent Motion for Reconsideration, the court held that Hawkins did not have standing to file a petition for judicial review and that he had not shown that the County had prejudiced any of his substantial rights.

Hawkins appealed to this Court, where he now contends that showing prejudice to a substantial right is not a prerequisite for standing, but rather is a substantive element of a petition for review. Hawkins claims that the County violated his substantial rights because new homes

2

on the Meyers' land would be inaccessible to emergency vehicles and because new residents might generate more traffic on the spur road, increasing the odds that someone might inadvertently allow his cattle to escape through an open gate. The Board responds that, since the Meyers already use their parcels as dwelling sites and since Hawkins' land is already subject to an easement favoring the Meyers' parcels, the variances do not prejudice Hawkins' substantial rights. Neither party seeks attorney fees on appeal.

### III. ISSUES ON APPEAL

1.    Whether Hawkins had standing to file a petition for judicial review.

2.    Whether the Board violated Hawkins' substantial rights by granting variances to the Meyers that allows them to build houses on their properties.

### IV. STANDARD OF REVIEW

The Idaho Administrative Procedure Act (IAPA) provides:

> (3) When the agency was required by the provisions of this chapter or by other provisions of law to issue an order, the court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:
>
>> (a) in violation of constitutional or statutory provisions;
>>
>> (b) in excess of the statutory authority of the agency;
>>
>> (c) made upon unlawful procedure;
>>
>> (d) not supported by substantial evidence on the record as a whole; or
>>
>> (e) arbitrary, capricious, or an abuse of discretion.
>
> If the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary.
>
> (4) Notwithstanding the provisions of subsections (2) and (3) of this section, agency action shall be affirmed unless substantial rights of the appellant have been prejudiced.

I.C. § 67-5279; *see also Evans v. Bd. of Comm'rs*, 137 Idaho 428, 431, 50 P.3d 443, 446 (2002) (citing I.C. § 67-5279).

When reviewing a decision by the district court acting in its appellate capacity under the IAPA, this Court analyzes the record independently of the district court. *Marcia T. Turner, L.L.C. v. City of Twin Falls*, 144 Idaho 203, 207–08, 159 P.3d 840, 844–45 (2007). There is a strong presumption that the zoning board's actions were valid and that it has correctly interpreted its own zoning ordinances. *Sanders Orchard v. Gem Cnty. ex rel. Bd. of Cnty. Comm'rs*, 137 Idaho 695, 698, 52 P.3d 840, 843 (2002). Where the district court has affirmed the Board's actions, we will uphold its decision provided the Board's findings were supported by substantial

3

and competent evidence. *St. Luke's Magic Valley Reg'l Med. Ctr., Ltd. v. Bd. of County Comm'rs*, 149 Idaho 584, 587, 237 P.3d 1210, 1213 (2010). We freely review the district court's conclusions of law.

## V. ANALYSIS

### A. Hawkins Has Standing to Petition for Judicial Review Under LLUPA

There apparently was some confusion below about what is necessary to obtain standing to challenge a land-use decision in district court, and as a result, Hawkins devoted a considerable amount of his briefing to the issue. Standing is a preliminary question that the Court must resolve before reaching the case's merits. *Capstar Radio Operating Co. v. Lawrence*, 143 Idaho 704, 707, 152 P.3d 575, 578 (2007). We therefore shall address whether Hawkins had standing to petition for judicial review of the County's variance decision.

To gain standing, LLUPA allows a person aggrieved by a final decision granting or denying a permit authorizing development to petition for judicial review pursuant to the IAPA after exhausting all available remedies. I.C. § 67-6521(1); *Rollins v. Blaine Cnty.*, 147 Idaho 729, 731–32, 215 P.3d 449, 451–52 (2009). An "affected person" is "one having an interest in real property which may be adversely affected by the issuance or denial of a permit authorizing the development." I.C. § 67-6521(1)(a). Since a variance is an appealable permit under LLUPA, the remaining dispute is whether Hawkins has an interest in real estate that "may be adversely affected" by the Board's decision.[1] *Id.* §§ 67-6516, -6521(1)(a).

To have standing in a land-use case, the petitioner needs to allege, not prove, only that the development could potentially harm his or her real estate interests. *Evans v. Teton Cnty.*, 139 Idaho 71, 76, 73 P.3d 84, 89 (2003). For instance in one case, this Court found that the petitioners had standing because it was possible that they might be able to smell a proposed wastewater treatment plant if it failed to comply with the conditions in a special-use permit. *Davisco Foods Int'l, Inc. v. Gooding Cnty.*, 141 Idaho 784, 786–87, 118 P.3d 116, 118–19 (2005). The Court made this ruling even though the petitioners' home was over three miles away from the proposed site. *Id.*

Hawkins has standing to file a petition for review. He fears that allowing the Meyers to construct new homes on their properties would cause the occupants to use the road on his land more frequently, potentially exceeding the scope of any preexisting easements and increasing the

---

[1] Effective March 31, 2010, several months after the Notice of Appeal was filed in this case, the Legislature amended § 67-6521 to expressly identify variances as appealable permits. Act of March 31, 2010, ch. 175, § 3, 2010 Idaho Sess. Laws 359, 361.

4

risk that someone could allow his livestock to escape through an open gate. He further fears that emergency vehicles might not be able to reach the Meyers' properties, potentially preventing them from combating a fire that could spread to Hawkins' land. The courts can therefore consider Hawkins' petition for judicial review.

**B.     The Board's Decision Did Not Prejudice Hawkins' Substantial Rights**

The district court primarily rested its decision to dismiss Hawkins' petition on the grounds that he had not asserted any prejudice to a substantial right. Hawkins argues that the Board prejudiced his substantial rights in three general ways: (1) the Board, as a matter of law, misapplied its variance policies by finding that the Meyers had a grandfathered right to continue not complying with the frontage ordinance; (2) new housing on the Meyers' land will generate more traffic across his property, potentially exceeding the scope of any easements there and increasing the risk that his cattle will escape through an open gate; and (3) emergency vehicles may not be able to reach the Meyers' property in case of a fire. The Board responds that the decision to grant the variances merely allows the Meyers to continue using the property for dwelling sites as they always have, and since this does not generate any new risks or burdens for Hawkins' property, his substantial rights have not been prejudiced.

Regardless of whether the Board erred by granting variances to the Meyers, Hawkins cannot prevail on his petition for review unless he shows that the variances prejudice his substantial rights. "The party challenging the decision of the Board must not only demonstrate that the Board erred in a manner specified by I.C. § 67-5279(3) but must also show that its substantial rights have been prejudiced." *Kirk-Hughes Dev., LLC v. Kootenai Cnty. Bd. of Cnty. Comm'rs*, 149 Idaho 555, 557, 237 P.3d 652, 654 (2010) (citing I.C. § 67-5279(4)).

The petitioner must show both an error under § 67-5279(3) and prejudice under § 67-5279(4), but nothing in the IAPA requires the courts to address these two requirements in any particular order. This Court may therefore affirm a governing board's decision solely on the grounds that the petitioner has not shown prejudice to a substantial right. *See Krempasky v. Nez Perce Cnty. Planning & Zoning*, 150 Idaho 231, 235–36, 245 P.3d 983, 987–88 (2010) (upholding a conditional-use permit because the petitioner failed to challenge the district court's adverse ruling regarding substantial rights); *Kirk-Hughes Dev.*, 149 Idaho at 558, 237 P.3d at 655 (same). In other words, the Court may forego analyzing whether the governing board erred in a manner specified by I.C. § 67-6279(3) if the petitioner cannot show that his or her substantial rights were violated.

We start by addressing Hawkins' first argument, which is that the Board violated his substantial rights by substantively misapplying its ordinances in granting variances to the Meyers. This Court has not yet attempted to articulate any universal rules to govern whether a petitioner's substantial rights are being violated under I.C. § 67-5279(4). This, in part, is due to the fact that each procedural irregularity, legal error, and discretionary decision is different and can affect the petitioner in varying ways. *Compare Evans v. Bd. of Comm'rs*, 137 Idaho 428, 433, 50 P.3d 443, 448 (2002) (finding no prejudice to substantial rights when a county board visited a proposed use site without notice), *with Comer v. Cnty. of Twin Falls*, 130 Idaho 433, 439, 942 P.2d 557, 563 (1997) (vacating a county board's decision when it made a site visit without notice).

Generally, as a procedural matter, all the parties involved in a land-use decision have a substantial right to a reasonably fair decision-making process. Governing boards owe procedural fairness not just to applicants but also their interested opponents. Both should expect proceedings that are free from procedural defects that might reasonably have affected the final outcome. *See Noble v. Kootenai Cnty.*, 148 Idaho 937, 942–43, 231 P.3d 1034, 1039–40 (2010) (holding that, even though the county board disallowed the public from participating in a site visit, doing so did not likely affect the decision); *Eacret v. Bonner Cnty.*, 139 Idaho 780, 787, 86 P.3d 494, 501 (2004) (vacating a county board's decision due to a commissioner's likely bias). This includes the right for all interested parties to have a meaningful opportunity to present evidence to the governing board on salient factual issues. *Cnty. Residents Against Pollution from Septic Sludge v. Bonner Cnty.*, 138 Idaho 585, 588–89, 67 P.3d 64, 67–68 (2003); *Sanders Orchard v. Gem Cnty. ex rel. Bd. of Cnty. Comm'rs*, 137 Idaho 695, 702, 52 P.3d 840, 847 (2002).

These cases align with the overarching due-process principle that everyone with a statutory interest in the outcome of a decision is entitled to meaningful notice and a fair hearing before an impartial decision-maker. *Eacret*, 139 Idaho at 787, 86 P.3d at 501; *see also Eddins v. City of Lewiston*, 150 Idaho 30, 36, 244 P.3d 174, 180 (2010) ("[D]ue process rights are substantial rights."). Accordingly, the Legislature has provided that people who are affected by land-use proceedings for the most part have a statutory right to notice and for a chance to participate in a hearing. *E.g.* I.C. § 67-6512(2) (requiring public notice and hearing for special-use permits); *id.* § 67-6515 (planned-unit developments); *id.* § 67-6516 (variances).

Of course, assuming that a decision is procedurally fair, *applicants* for a permit also have a substantial right in having the governing board properly adjudicate their applications by

applying correct legal standards. *Lane Ranch P'ship v. City of Sun Valley*, 145 Idaho 87, 91, 175 P.3d 776, 780 (2007); *cf. Sagewillow, Inc. v. Idaho Dep't of Water Res.*, 138 Idaho 831, 842, 70 P.3d 669, 680 (2003) (remanding because the agency misstated the relevant legal standard and denied an application to transfer water rights). Landowner applicants, however, also have a substantial right to develop their own property. *Terrazas v. Blaine Cnty. ex rel. Bd. of Comm'rs*, 147 Idaho 193, 198, 207 P.3d 169, 174 (2009).

On the other hand, when a petitioner *opposes* a governing board's decision to grant a permit authorizing development, as Hawkins has, the petitioner must still show, not merely allege, real or potential prejudice to his or her substantial rights. I.C. § 67-5279(4). Since a party *opposing* a landowner's request for a development permit has no substantial right in seeing someone else's application adjudicated correctly, he or she must therefore show something more. The petitioner opposing a permit must be in jeopardy of suffering substantial harm if the project goes forward, such as a reduction in the opponent's land value or interference with his or her use or ownership of the land. *See Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 431, 958 P.2d 583, 588 (1998) (vacating a board decision because it could impact property value or the petitioners' use and enjoyment of their land). It would be instructive to look to law relating to property rights, nuisance, and trespass when determining if a substantial right is at stake in a case such as this.

Thus, regarding Hawkins' first argument, it is not enough that Hawkins may be able to show that the County substantively misapplied its own ordinance. The Board does not prejudice Hawkins' substantial rights merely by incorrectly adjudicating someone else's application for a variance.

Hawkins next argument is that allowing the Meyers to rebuild the homes on their properties will overburden the spur road and interfere with Hawkins' ranching activities. To determine if this would violate Hawkins' substantial rights, we begin by evaluating what the Board has allowed the Meyers to do by granting their variance request. A variance is:

> a modification of the bulk and placement requirements of the ordinance as to lot size, lot coverage, width, depth, front yard, side yard, rear yard, setbacks, parking space, height of buildings, or other ordinance provision affecting the size or shape of a structure or the placement of the structure upon lots, or the size of lots.

I.C. § 67-6516. A variance, in short, merely allows the landowner to avoid the "strict letter" of the zoning ordinance's physical specifications. BCZBO § 1-511(2). When it issued the

variances in this case, the Board permitted the Meyers to build dwellings on their properties without complying with the frontage ordinance.

We acknowledge that it is possible for the Meyers to begin using the spur road more often now that they have variances allowing them to construct new houses. Hawkins, however, cannot show prejudice to a substantial right because no court has adjudicated the easement rights the Meyers might have in the spur road. People have been living on the Meyers' land for decades and relying on the road to reach their homes. There may be an easement across Hawkins' land benefiting the Meyers' parcels. The fact that the homes have been uninhabited for several years does not necessarily terminate an easement, as nonuse alone does not amount to abandonment—there must be an unequivocal and intentional act to abandon. *Weaver v. Stafford*, 134 Idaho 691, 698, 8 P.3d 1234, 1241 (2000), *overruled on other grounds by Weitz v. Green*, 148 Idaho 851, 230 P.3d 743 (2010). Further, there was evidence produced before the Board that the spur road may actually be a public right-of-way, in which case Hawkins would have certainly suffered no harm.

The extent of the Meyers' easement interests are critical to determining whether the Board prejudiced Hawkins' substantial rights, but the issue is not before this Court. This suit is not a civil action, but a petition for judicial review under the IAPA. Because this is a petition for judicial review, the parties have neither litigated the nature of the Meyers' easement rights, nor would this be the proper setting to do so. Instead, the only matter at issue is the propriety of granting variances to the Meyers. The Board did not, and indeed could not, grant the Meyers permission to enter Hawkins' land to use the spur road or otherwise define the scope of the Meyers' easement rights. The Board has no authority to adjudicate easements.

Hawkins last argues that new dwellings on the Meyers' land would be a fire hazard to his property because emergency vehicles may not be able to reach the Meyers' land. He contends that he, as a neighboring landowner, is within a specific class of people the frontage ordinance was intended to benefit. The frontage ordinance undoubtedly was intended to ensure that residences are accessible from public highways. Allowing the Meyers to construct new homes, however, will not change the number of structures on the land adjoining Hawkins' property. If anything, demolishing unattended houses and replacing them with new homes built to modern safety codes will reduce the chance of fire. Hawkins has therefore not shown any prejudice to a substantial right. Without such a showing, this Court must affirm the district court's order dismissing the petition for review. I.C. § 67-5279(4).

8

## VI. CONCLUSION

Hawkins has standing to pursue his petition for judicial review, but the petition is dismissed because he has not shown any prejudice to his substantial rights. He has therefore failed to show a prong necessary to prevail on a petition for judicial review of the Board's decision. We affirm district court's order dismissing Hawkins' petition. Costs to Respondent.

Justices BURDICK and HORTON and Justice *pro tem* TROUT, CONCUR.

Chief Justice EISMANN, specially concurring.

I concur in the majority opinion with this proviso. Idaho Code § 67-5279 governs judicial review by the district court. Subsection (3) limits the scope of review and the relief that can be granted. That subsection provides that the court shall affirm the agency action unless the party seeking judicial review establishes at least one of the five types of errors listed.

Subsection (4) provides that the agency action "shall be affirmed unless substantial rights of the appellants have been prejudiced." Because the statute governs judicial review by the district court, lack of prejudice is an issue that must be raised in the district court.

In *Kirk-Hughes Development, LLC v. Kootenai County Board of Commissioners*, 149 Idaho 555, 237 P.3d 652 (2010), and in the instant case, the issue was raised in the district court, and the court found that the appellant's substantial rights had not been prejudiced. We affirmed the district court's dismissal of the petition for judicial review in *Kirk-Hughes* because the appellant did not address on appeal to this Court the district court's finding of no prejudice, and we affirm the district court's dismissal here because the appellant did not show that the district court erred in finding no prejudice. I do not understand the majority opinion to hold that this Court would decide an appeal based upon the appellant's failure to show prejudice to substantial rights unless that issue had been raised in the district court.