# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 50507

CATHERINE SULLIVAN, Trustee of the Catherine Sullivan Family Trust of 2000,

    Petitioner-Appellant,

v.

BLAINE COUNTY, a political subdivision of the State of Idaho,

    Respondent,

and

MEGAN GRUVER, an individual,

    Intervenor-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2024 Term

Opinion Filed: September 25, 2024

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Ned C. Williamson, District Judge.

The decision of the district court is <u>affirmed</u>.

Hawley Troxel Ennis & Hawley, LLP, Boise, for Appellant, Catherine Sullivan. Kenneth C. Howell argued.

Blaine County Prosecutor's Office, Hailey, for Respondent Blaine County. Amanda Greer argued.

Lawson Laski Clark PLLC, Ketchum, for Intervenor-Respondent Megan Gruver. Heather E. O'Leary argued.

_____

MEYER, Justice.

This appeal involves a dispute between neighboring property owners in the Wood River Valley of Idaho. The appellant, Catherine Sullivan, owns residential property next to property owned by Megan Gruver who lives on and operates an equestrian facility on her property. Sullivan appeals the district court's judgment affirming Blaine County's issuance of a modified conditional use permit (the "2021 CUP") to Gruver to allow her to hold up to three events per year at the Silver

1

Bell Equestrian Center ("Silver Bell Ranch"), to board eight additional horses, and to hire one more full-time, non-resident employee. Gruver was issued a conditional use permit in 2019 (the "2019 CUP") that allowed her to continue to operate her equestrian facility at Silver Bell Ranch. The 2019 CUP was not appealed, and it became final. Following a riding clinic at Silver Bell Ranch in 2020, Gruver applied for a modification of the 2019 CUP. Sullivan objected to the 2021 CUP during public hearings before the Hearing Examiner, and subsequently appealed the issuance of the 2021 CUP to the Blaine County Board of Commissioners. The Hearing Examiner and the Board granted the 2021 CUP subject to several conditions and modifications. Sullivan exhausted her administrative remedies and petitioned the district court for judicial review. The district court affirmed the issuance of the modified 2021 CUP. Sullivan timely appealed the district court's decision and seeks a reversal of that decision along with the invalidation of the 2021 CUP. For the reasons discussed below, the district court's decision is affirmed because Sullivan failed to show that the Board's decision to issue the modified 2021 CUP prejudiced her substantial rights.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This appeal arose after Gruver became the owner of Silver Bell Ranch and began making improvements to the ranch and operating it as a business. The land where Silver Bell Ranch is located lies within two zoning districts: R-1 (Low Density Residential) and R-5 (Residential/Agricultural). The ranch is located at 98 Broadford Road, in Blaine County, Idaho. It has been used for equine purposes since at least 1986. The previous owner operated Silver Bell Ranch as a hobby and provided boarding and training services for family and friends. However, the previous owner did not have a permit to operate an equestrian facility. Gruver was the first person to apply for a conditional use permit in 2019 to operate Silver Bell Ranch as a business while she was still a tenant.

### A.  The 2019 CUP

Gruver's 2019 CUP application was for a Tier 2 Home Occupation permit to allow her to "operate a public equine facility. . . known commonly as Silver Bell Ranch." Public hearings related to the 2019 CUP application were held on July 18, 2019, and August 1, 2019. Sullivan did not appear at either of the public hearings and did not object to the granting of the CUP. In the Hearing Examiner's 2019 Findings of Fact, Conclusions of Law & Decision, he noted that Silver Bell Ranch "has been historically used for the same purpose, but apparently not operated as a business, open to paying customers, for boarding, riding and training of horses." The Hearing

2

Examiner explained that "[t]he activities that will continue to take place, are care of horses, training of horses and riding of horses." The Hearing Examiner determined that "the historic and proposed use should be categorized as an outdoor recreational facility under the definition of dude ranches, rather than a home occupation" and reviewed the application under the general standards for a conditional use permit outlined in Blaine County Code section 9-25-3. Despite multiple references to Silver Bell Ranch as an "outdoor equine recreational facility" and "outdoor recreational facility dude ranch business," the 2019 CUP was issued as a Home Occupation Conditional Use Permit. The 2019 CUP was issued on August 12, 2019. Sullivan did not appeal the 2019 CUP and it became final.

## B. The 2021 CUP

Gruver purchased Silver Bell Ranch in 2020. She held a riding clinic at Silver Bell Ranch in 2020 which resulted in complaints from her two closest neighbors. The complaints prompted Gruver to seek clarification about her rights under her existing permit and to apply to have the 2019 CUP modified. Gruver's 2021 CUP application requested the following modifications to the 2019 CUP: "(1) hold three events per calendar year; (2) increase the number of horses on site . . . from 20 to 28; and (3) increase the number of full-time, non-resident, employees from two to three."

The Hearing Examiner approved Gruver's application for a conditional use permit despite Sullivan's opposition to the permit. Sullivan's attorney "urged the repeal of the existing [2019] permit; and argued that the applicants were in violation of conditions on the permit" including claims related to manure, boarding 28 horses, odor, noise, litter and "illegal events." Sullivan's attorney also argued that the requested modifications violated the Blaine County Code. Sullivan contended that the activities taking place at Silver Bell Ranch devalued her property, and that the proposed uses "amounted to a commercial horse facility, which is or should be illegal." The Hearing Examiner reviewed Gruver's 2021 CUP application under the general standards for conditional use permits set out in Blaine County Code section 9-23-5 and ultimately approved a conditional use permit (again as a Home Occupation permit) with seventeen conditions aimed at mitigating Sullivan's concerns related to noise, traffic, and manure.

Sullivan appealed the conditional use permit to the Blaine County Board of Commissioners. At the hearing before the Board, Sullivan's counsel argued the 2019 CUP "should never have been granted," and "if that's the case, it cannot be expanded." Sullivan's counsel

3

explained that "my clients, again, do not object to teaching some lessons and boarding some horses. We object to events. And to call events a Tier 2 home occupation, in my mind, sends up a red flag." Sullivan asked the Board to "deny the 2021 CUP, go back to the 2019 CUP, clarify that it is for boarding stables and a riding school, but also cap the number of horses at 20, clarify that events are not allowed."

Following the hearing, the Board approved the 2021 CUP with modifications. The Board noted that "[t]he Hearing Examiner and the Board received a great deal of public comment and argument detailing the manner in which the existing and modified conditional use permit would be hazardous and disturbing to residents in the vicinity of the subject property." The Board explained "*the existing use is already conditionally permitted* and the modification request is for three events, eight horses, and an additional employee. The essence of use remains the same and with the additional conditions imposed . . . the Board believes any hazardous or disturbing impacts will be adequately mitigated." (Emphasis added). The Board affirmed the Hearing Examiner's decision to issue the conditional use permit, and "agree[d] with the Hearing Examiner that the existing equestrian center, and the requested modifications thereto, constitutes an outdoor recreational facility." The Board added more conditions to the permit, including limiting the events to "equestrian events"; limiting the number of horses at Silver Bell Ranch to 28 except during equestrian events; and ordering Gruver to provide yearly reporting to the Land Use and Building Services Office regarding compliance with the permit.

Sullivan petitioned the Board to reconsider the issuance of the conditional use permit. At the hearing on Sullivan's motion for reconsideration, Sullivan's attorney reminded the Board that "my clients are not opposed to the historic use of the property as stables and a riding school. It's the events that are the problem for my clients." Sullivan argued to the Board that "[a]ll of the activities under this conditional use permit are taking place in the R-1 portion of the property," and "events are incompatible with residential uses. These types of events are high-intensity commercial uses." Sullivan also contended that the "CUP was granted in 2019 as a Tier 2 home occupation permit. It was not authorized as an outdoor recreation facility. . . . We're arguing also that this is an agricultural business." Gruver argued to the Board that Sullivan was "simply reasserting the same arguments in their briefing . . . that they'd previously raised both to the hearing examiner as well as this Board on appeal," and that "many of those arguments are simply seeking to challenge the 2019 conditional use permit, which are time barred."

4

Following the hearing on Sullivan's motion for reconsideration, the Board issued a modified decision on appeal. In that decision, the Board added even more conditions to the 2021 CUP which were related to Gruver's proposed events, the number of animals on the property, and a yearly reporting requirement.

Sullivan petitioned for judicial review of the Board's decision under Idaho Code sections 67-5279(3) and 67-5279(4). In her briefing before the district court, Sullivan did not argue prejudice to her substantial rights until she filed her reply brief. The district court explained it would be improper for it to consider the arguments raised for the first time in her reply brief because Blaine County and Gruver had not had an opportunity to respond. The district court noted that Sullivan had not shown, beyond the statement that the 2021 CUP would affect her use and enjoyment of her property, "how the approval of the modifications to the 2019 CUP actually or potentially prejudices the use and enjoyment of her property under Idaho Code § 67-5279(4)."

The district court also ruled that Sullivan had failed to show that the Board erred under Idaho Code section 67-5279(3). Sullivan did not explain how the Board had committed a legal error when it approved the conditional use permit with modifications. Throughout her briefing below Sullivan failed to identify specific errors under Idaho Code section 67-5279(3). For example, she did not point to subsection 67-5279(3)(b) and show how the Board acted "in excess of [its] statutory authority" or subsection 67-5279(3)(c) and show how the Board's decision was "made upon unlawful procedure." The Board's decision to review the conditional use permit under the general standards for conditional use permits—as opposed to the Tier 2 Home Occupation permit standards—was affirmed by the district court. The district court found no error with the Board's decision to categorize Silver Bell Ranch as an "Outdoor Recreational Facility" under the modified 2021 CUP. It squarely rejected Sullivan's argument that Silver Bell Ranch was improperly categorized and that it should be considered an "Agricultural Business" instead of an "Outdoor Recreational Facility." The district court also concluded Sullivan's argument that the definition of "Outdoor Recreational Facility" did not permit the commercial use of the facility was time-barred because Sullivan did not appeal the 2019 CUP and that permit was final. Sullivan's contention that the Board failed to issue a reasoned statement under Idaho Code section 67-6535 was also rejected:

> Latching onto the staff directive that the 2019 CUP did not allow for events, Sullivan then argues that the Examiner's and the Board's decisions are arbitrary and capricious because there are no standards guiding the decision-makers. *Reply*

5

> *Brief*, pp. 6-10. Sullivan's argument is too strict and hypertechnical. It is impracticable and unreasonable for zoning regulations to anticipate and expressly permit every activity or event that would potentially occur under a permitted use, conditional or accessory use. The Examiner and the Board are only required to evaluate the standards for evaluation when an application is required, not all of the activities or events, which may occur with any use.

Sullivan also failed to raise her argument that the Board did not issue a reasoned statement in her opening brief to the district court. The district court still considered her argument and determined the Board's modified decision on appeal complied with Idaho Code section 67-6535.

Sullivan timely appealed the district court's decision and now seeks a reversal under Idaho Code sections 67-5279(3) and 67-5279(4). Sullivan contends that the district court erred by: (1) concluding there was no error in classifying Gruver's use of Silver Bell Ranch, including the "events," as an "Outdoor Recreational Facility" instead of an "Agricultural Business"; (2) failing to conduct a free review of the Blaine County Code and deferring to the Board's interpretation of the code; (3) engaging in statutory construction instead of applying the unambiguous provisions of the Blaine County Code; (4) concluding that an "Outdoor Recreational Facility" permitted uses not expressly allowed and defined uses where "Agricultural Businesses" were allowable; (5) concluding that Sullivan failed to establish that the 2019 CUP did not allow for "events"; (6) failing to conclude that the Hearing Examiner's and the Board's statements were not "reasoned statements" under Idaho Code section 67-6535(2) because the Blaine County Code does not have standards for approval of "events"; and (7) concluding that Sullivan had failed to show prejudice to her substantial rights. Blaine County and Gruver argue that the district court did not err in affirming the Board's decision to issue the modified 2021 CUP; that the Board issued a reasoned statement under Idaho Code section 67-6535; and that Sullivan failed to show prejudice to her substantial rights under Idaho Code section 67-5279(4). All parties seek attorney fees on appeal under Idaho Code section 12-117.

## II.    STANDARD OF REVIEW

The Local Land Use Planning Act (LLUPA) and the Idaho Administrative Procedure Act (IDAPA) provide a vehicle for parties affected by a permitting decision to petition for judicial review. *Terrazas v. Blaine County ex. rel. Bd. of Comm'rs*, 147 Idaho 193, 197, 207 P.3d 169, 173 (2009); *accord Nw. Neighborhood Ass'n v. City of Boise,* 172 Idaho 607, 535 P.3d 583 (2023). For the purposes of judicial review, a Board of Commissioners is treated the same as a government

6

agency. *Hungate v. Bonner County*, 166 Idaho 388, 392, 458 P.3d 966, 970 (2020). This Court reviews a district court's decision on a petition for judicial review under IDAPA "as a matter of procedure." *917 Lusk, LLC v. City of Boise*, 158 Idaho 12, 14, 343 P.3d 41, 43 (2015) (quoting *Williams v. Idaho State Bd. of Real Estate Appraisers*, 157 Idaho 496, 502, 337 P.3d 655, 661 (2014)). We defer to the Board's findings of fact unless they are "clearly erroneous," but freely review questions of law as part of our independent review of the agency record. *Terrazas*, 147 Idaho at 197, 207 P.3d at 173; *Hungate*, 166 Idaho at 392, 458 P.3d at 970.

Generally, this Court will affirm a district court's decision upholding a Board's permitting decision unless the appellant establishes that (1) the Board erred under Idaho Code section 67-5279, and (2) the Board's decision prejudiced the appellant's substantial rights. *S Bar Ranch v. Elmore County*, 170 Idaho 282, 297, 510 P.3d 635, 650 (2022).

Under IDAPA, a permitting decision shall be affirmed unless we determine the Board's findings, inferences, conclusions, or decisions were: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). However, notwithstanding these five factors, this Court will affirm the Board's decision unless the appellant establishes prejudice to her substantial rights under Idaho Code section 67-5279(4). If prejudice to substantial rights is not shown, this Court may affirm the district court's decision based on lack of prejudice alone and need not analyze whether the Board erred under Idaho Code section 67-5279(3).[1] *Hawkins v. Bonneville Cnty. Bd. of Comm'rs*, 151 Idaho 228, 232, 254 P.3d 1224, 1228 (2011).

## III.    ANALYSIS

### A. Sullivan's arguments regarding the categorization of Silver Bell Ranch are time-barred because she failed to appeal the 2019 CUP.

On appeal, several of Sullivan's arguments related to the Hearing Examiner's, the Board's, and the district court's alleged errors in interpretation and application of the Blaine County Code stem from the issuance of the 2019 CUP. Sullivan argues on appeal that the district court erred by affirming the Board's decision to categorize Silver Bell Ranch as an "Outdoor Recreational

---

[1] The legislature recently amended this code section to instruct courts to no longer defer to an agency's interpretation of the law or rule, but to conduct a de novo review going forward. H.B. 626, 67th Leg. 2d. Reg. Sess. (2024) (enacted, effective July 1, 2024). However, this amendment does not affect our decision in this case for reasons discussed later in this opinion.

Facility" as opposed to an "Agricultural Business." Sullivan continued to argue that Gruver's operation of the outdoor equine facility was a violation of the Blaine County Code because she alleged it should have been considered an "Agricultural Business" which she claims is not permitted in the R-1 zone. Sullivan relies on the definition of "Agricultural Business" under the Blaine County Code, which includes "stables and riding schools" and "commercial pet care, breeding and boarding." BCC § 9-2-1. The horse has already left the barn with respect to Sullivan's objections to the categorization of Silver Bell Ranch because the 2019 CUP is final. It was not opposed or appealed. The Hearing Examiner in 2019 considered Silver Bell Ranch to be an "Outdoor Recreational Facility" akin to a "dude ranch," as he explained in the 2019 decision to grant the CUP: "Upon reflection and analysis, the historic and proposed use should be categorized as an outdoor recreational facility under the definition of dude ranches, rather than a home occupation." The Board properly noted that it was only able to review Gruver's 2021 request for modification of the 2019 CUP and *not* the 2019 CUP itself. Sullivan's arguments related to the Board's and the district court's interpretation of the Blaine County Code are rooted in her contention that Silver Bell Ranch is an "Agricultural Business," and that Gruver's proposed uses violate the Blaine County Code. We note that the time for objecting to the categorization of Silver Bell Ranch and Gruver's ability to use the property as an outdoor equine facility was in 2019 during the public hearings on Gruver's application, or through an appeal of the 2019 conditional use permit. Had Sullivan timely appealed the 2019 CUP that would have been a horse of a different color and her objections may have had traction.

**B. The district court acted within its discretion to exclude Sullivan's arguments regarding prejudice to her substantial rights that were raised in her reply brief.**

Sullivan argues there is no authority to support Blaine County's argument that she was required to argue prejudice to her substantial rights in her opening brief to preserve that issue. Sullivan cites *Reese v. City of Blackfoot*, 172 Idaho 164, ___, 531 P.3d 480, 483 (2023), to support her contention. Blaine County contends that the district court did not err in declining to consider Sullivan's prejudice arguments and that Sullivan's arguments cannot be raised for the first time before this Court. Gruver argues that Sullivan had the burden to show prejudice to her substantial rights as part of her petition to reverse the Board's decision—not only as "proper rebuttal"—and that the *Reese* case does not support Sullivan's argument.

We agree with Gruver that Sullivan's reliance on *Reese* is misplaced. The petitioners in *Reese* did fail to raise prejudice to their substantial rights in their opening brief, but once the district

court alerted the Reeses to their omission, the Reeses petitioned for rehearing "solely on the prejudice issue." *Id.* at ___, 531 P.3d at 483. Their petition for rehearing was granted, and as a result, the district court heard the Reeses' arguments related to prejudice before it decided their petition for judicial review. *Id.* The district court, even after it considered those arguments, ultimately held the Reeses' "conclusory allegations of harm were not sufficient to establish prejudice." *Id.* We hold that Sullivan failed to show prejudice to her substantial rights under Idaho Code section 67-5279(4) as discussed in Section III.C. Therefore, we need not reach Sullivan's arguments with respect to the Board's reasoned statement under Idaho Code section 67-6535 or her contentions related to alleged errors under Idaho Code section 67-5279(3).

The procedures for judicial review of an agency action are set forth in "the statute authorizing judicial review and Idaho Rule of Civil Procedure 84." *City of Ririe v. Gilgen*, 170 Idaho 619, 625, 515 P.3d 255, 261 (2022) (citation omitted). The district court correctly determined that Rule 84 does not directly address the contents of the briefs and memoranda. Idaho Rule of Civil Procedure 84(r) states that "[a]ny procedure for judicial review not specified or covered by these rules must be in accordance with the appropriate rule of the Idaho Appellate Rules to the extent not contrary to this Rule 84." Idaho Appellate Rule 35 addresses the content and arrangement of briefs on appeal. That rule requires, in the opening brief,

> [a] list of the issues presented on appeal, expressed in the terms and circumstances of the case but without unnecessary detail. . . . The issues shall fairly state the issues presented for review. The statement of issues presented will be deemed to include every subsidiary issue fairly comprised therein.

I.A.R. 35(a)(4). Idaho Appellate Rule 35 also allows for a reply brief, in response to the respondent's brief, "which may contain additional argument in rebuttal to the contentions of the respondent." I.A.R. 35(c). Construing the rules together, Idaho Rule of Civil Procedure 84 gives the district court discretion on a petition for judicial review to, for example, remand the case to the agency "to take further evidence," or to issue a stay if appropriate. I.R.C.P. 84(*l*). We have consistently held, with respect to appeals before this Court, that arguments raised for the first time in a reply brief will not be considered on appeal. *Munden v. Bannock County*, 169 Idaho 818, 835, 504 P.3d 354, 371 (2022). "A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Id.* (quoting *H.F.L.P., LLC v. City of Twin Falls*, 157 Idaho 672, 684, 339 P.3d 557, 569 (2014)).

9

Although the district court is not sitting in the same posture as this Court when considering petitions for judicial review, the district court is tasked with ensuring the "just, speedy and inexpensive determination of all petitions for review." I.R.C.P. 84(r). Finding no answer in Idaho Rule of Civil Procedure 84 and the Idaho Appellate Rules as to whether it could or should consider the arguments in Sullivan's reply brief, the district court applied this Court's precedent in *H.F.L.P. v. City of Twin Falls*, 157 Idaho 672, 684, 339 P.3d 557, 569 (2014). The district court acted within its discretion to refuse to hear Sullivan's arguments related to substantial prejudice that were raised for the first time in her reply brief. Conversely, it was also within the court's discretion to consider Sullivan's arguments and provide Blaine County an opportunity to respond. We hold that the district court did not abuse its discretion in declining to consider Sullivan's arguments related to prejudice to her substantial rights that were raised in her reply brief.

**C. Even if we consider Sullivan's arguments related to prejudice, she still failed to establish prejudice to her substantial rights under Idaho Code section 67-5279(4).**

Under Idaho Code section 67-5279(4) an "agency action shall be affirmed unless substantial rights of the appellant have been prejudiced." I.C. § 67-5279(4). There is no "bright line test governing whether a petitioner's substantial rights have been violated." *Hungate v. Bonner County*, 166 Idaho 388, 394, 458 P.3d 966, 972 (2020). When a party "*opposes* a governing board's decision to grant a permit. . . the petitioner must still show, not merely allege, real or potential prejudice to his or her substantial rights." *Hawkins v. Bonneville County Bd. of Comm'rs*, 151 Idaho 228, 233, 254 P.3d 1224, 1229 (2011). Because a party opposing the issuance of a conditional use permit "has no substantial right in seeing someone else's application adjudicated correctly, he or she must therefore show something more." *Id.* In recent cases, "we have held that [substantial] rights were harmed when: (1) property values are impacted; or (2) the [conditional use permit] will interfere with the use and enjoyment of property." *Hungate*, 166 Idaho at 394, 458 P.3d at 972.

Sullivan argued that the Board's decision to issue the 2021 CUP interfered with her use and enjoyment of her property. The district court determined that Sullivan failed to show her substantial rights were prejudiced and explained that, although Sullivan indicated she opposed "commercial activities, traffic and the presence of up to 75 people" at the proposed events, she did not "establish *how* the approval of modifications to the 2019 CUP actually or potentially prejudices the use and enjoyment of her property under Idaho Code § 67-5279(4)." The district court explained that Sullivan pointed to "her prior statements in the record that Gruver's event

10

participants have trespassed on her property and that Sullivan was unable to entertain guests on her outdoor patio due to flies and manure odors from Silver Bell Ranch." The district court noted that this argument came closer to the "something more" required by *Hawkins* but that it would not consider arguments raised for the first time in a reply brief.

On appeal, Sullivan argues that the use and enjoyment of her property will be in jeopardy if the issuance of the 2021 CUP is affirmed. Sullivan points to "Gruver's for-profit commercial business operation" including "third-party food truck vendors and a mobile saddlery for participants' consumption of food and for retail shopping, the arrival, parking and departure of scores of trucks, horse trailers, and cars with no limitation on number and type of vehicle, and the participation of up to 75 people" as factors that would cause her the loss of the use and enjoyment of her property. Sullivan also contends her complaints about the "noise, odor, traffic and congestion" meet the "something more" required by *Hungate* and *Hawkins*. Gruver maintains that Sullivan failed to identify how the modified 2021 CUP prejudiced her substantial rights and contends that Sullivan relies on a "speculative parade of horribles" regarding "what future events might look like." Blaine County argues that Sullivan's arguments related to prejudice fail to "account for the many conditions placed upon the Modified CUP."

In *Hungate*, we held that the appellants had not established prejudice to their substantial rights when they argued that the approval of the variances would interfere with the use and enjoyment of their property. *Hungate*, 166 Idaho at 396, 458 P.3d at 974. The Hungates argued that "impact to the lakefront and rural location of the property, the excessive lot coverage, reduced privacy, and reduced enjoyment of wildlife and scenic views found on Priest Lake are the types of impacts that could potentially prejudice the use and enjoyment of their property." *Id.* The Hungates also argued that granting the variances would reduce their property values and increase traffic volumes and use of the lane where their property was located. *Id.* at 395, 458 P.3d at 973. We held that because the property owner seeking the variances had agreed to convert the buildings to reduce the number of bedrooms per building and convert one of the buildings into a storage building, "it is unclear how the Hungates can show the Variances would result in increased intensity of use and increased traffic volumes." *Id.* We also noted that Hungates failed to establish a reduction in their property values based on "letters written by two neighbors" and the Hungates' bare allegations that the variances would reduce their property values. *Id.* We determined that the Hungates "provided no evidence in the record to explain how the Board's action to grant the Variances has

11

undermined the use or enjoyment of their property, given that the structures have been in place for twenty years." *Id.* at 396, 458 P.3d at 974.

By contrast, in *Lusk* we held that Lusk had demonstrated prejudice to a substantial right based on a planned student housing project in Lusk's neighborhood. *917 Lusk, LLC v. City of Boise*, 158 Idaho 12, 18, 343 P.3d 41, 47 (2015). Lusk highlighted "[t]he lack of deliberation by the City, and the failure of the City to attach appropriate conditions to this conditional use approval (assuming, solely for argument[']s sake, that the conditional use could even be appropriately conditioned so as to mitigate adverse impacts)," and argued the project "*will devalue Petitioner's property, require time and expense for Petitioner to police parking on its own property,* [*and*] *inconvenience employees and visitors to Petitioner's building,*" as well as Lusk's neighborhood. *Id.* at 19, 343 P.3d at 48 (emphasis in original). We held that Lusk satisfied the requirement of showing "something more" because the proposed project "calls for 622 bedrooms to house students at Boise State University" with "only 280 parking spaces for the project. Without even attempting to evaluate the impact of guests who arrive by automobile, if only half of the River Edge tenants have an automobile, there will be significant numbers of residents looking for parking in the vicinity." *Id.* at 19, 343 P.3d at 48.

In this case, Sullivan's arguments are closer to those in *Hungate* than the arguments in *Lusk.* Like the petitioners in *Hungate*, Sullivan provided two letters from realtors on her behalf that claimed Sullivan's property values would be negatively impacted but did not explain how the modified 2021 CUP would actually lower Sullivan's property values. Sullivan also complained of "noise, odor, traffic, and congestion" and points this Court to "the record below," her opening brief on petition for judicial review, and "the Statement of Facts section" of her opening brief on appeal without arguing how the *modified 2021 CUP* prejudiced her substantial rights. The record below shows that several of Sullivan's complaints to the Board were related to "the negative impacts of Gruver's existing use" under the 2019 CUP. The Board noted that "[t]he essence of the use remains the same and with the additional conditions imposed by the Hearing Examiner and the Board, the Board believes that any hazardous or disturbing impacts will be adequately mitigated."

We agree with the district court, Gruver, and Blaine County that Sullivan has not established how the Board's decision to issue the modified 2021 CUP prejudiced her substantial rights. In contrast to the City in *Lusk*, in this case the Hearing Examiner and the Board attached multiple conditions to the 2021 CUP meant to mitigate adverse impacts from Gruver's proposed

events. Sullivan argues the prejudice to her use and enjoyment of her property is clear based on her proximity to Silver Bell Ranch and that she is in the same position as the appellants in *Lusk*. In contrast to the appellants in *Lusk* who would be impacted on a daily basis by inadequate resident parking, Gruver's proposed events are three equestrian events per year that would not have the same traffic and parking impacts as the permanent student housing with inadequate parking at issue in *Lusk.* We also note that some of Sullivan's claims of prejudice were speculative—for example her claims that an unlimited number of independent contractors and food trucks could come to Silver Bell Ranch on event days, or her concerns related to "horse carnivals" and "horse racing" events at Silver Bell Ranch. We hold that even if we consider Sullivan's arguments regarding prejudice, she has failed to establish prejudice to her substantial rights resulting from the issuance of the modified 2021 CUP.

### D. Attorney Fees on Appeal.

*1. Blaine County is entitled to attorney fees on appeal under Idaho Code section 12-117.*

Blaine County is seeking attorney fees on appeal under Idaho Code section 12-117(1). Idaho Code section 12-117(1) states:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1).

The purpose of section 12-117(1) is to "deter groundless or arbitrary agency action" and to assist parties "who have borne an unfair and unjustified financial burden attempting to correct mistakes agencies should never have made." *Flying A Ranch, Inc. v. Cnty. Comm'rs of Fremont Cnty.*, 157 Idaho 937, 943–44, 342 P.3d 649, 655–56 (2015) (quoting *Fuchs v. Idaho State Police, Alcohol Beverage Control*, 153 Idaho 114, 117, 279 P.3d 100, 103 (2012)). When considering a request for attorney fees under Idaho Code section 12-117(1), we apply a benchmark similar to "the standard for evaluating whether a party pursued an action 'frivolously, unreasonably, or without foundation' under section 12-121." *S Bar Ranch v. Elmore County*, 170 Idaho 282, 313, 510 P.3d 635, 666 (2022) (citations omitted). Under Idaho Code section 12-121, attorney fees are appropriate on appeal when "the appeal, or any part of it, was brought frivolously, unreasonably, or without foundation." *Pickering v. Sanchez*, 173 Idaho 404, ___, 544 P.3d 135, 147 (2023) (citing *Kelly v. Kelly*, 171 Idaho 27, 49, 518 P.3d 326, 348 (2022)). "Idaho Code section 12-121 allows

13

the award of attorney fees in a civil action if the appeal merely invites the Court to second guess the findings of the lower court." *Nipper v. Wootton*, 173 Idaho 330, ___, 542 P.3d 1279, 1289 (2024) (quoting *Owen v. Smith*, 168 Idaho 633, 647, 485 P.3d 129, 143 (2021)). When determining whether to award attorney fees under this section, this Court has highlighted the "requirement that a losing party must act 'without a reasonable basis in fact or law' before fees can be awarded." *City of Osburn v. Randel*, 152 Idaho 906, 909, 277 P.3d 353, 356 (2012) (quoting I.C. § 12-117; remaining citation omitted). This section was amended in 2000 to "create a 'two-way street,' authorizing an award of attorney fees to either the governmental entity or to the person in the event 'that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.'" *Neighbors for Responsible Growth v. Kootenai County*, 147 Idaho 173, 177, 207 P.3d 149, 153 (2009) (quoting Act of Apr. 12, 2000, ch. 241 § 1, 2000 Idaho Sess. Laws 675).

In this case, Sullivan's appeal invited this Court to second guess the district court's decision affirming the Board's issuance of the 2021 CUP. Sullivan raised the same arguments regarding Silver Bell Ranch being improperly categorized as an "Outdoor Recreation Facility" instead of an "Agricultural Business" that were time-barred by the 2019 CUP and had been rejected by the Board and the district court in connection with the 2021 CUP. Sullivan's appeal also asked this Court to second guess the district court's determination that Sullivan had not shown prejudice to her substantial rights under Idaho Code section 67-5279(4). As a result, we find that Sullivan acted "without a reasonable basis in fact or law" and that an award of attorney fees to Blaine County under Idaho Code section 12-117(1) is warranted. As a prevailing party, Blaine County is entitled to costs on appeal under Idaho Appellate Rule 40(a).

2. *Gruver is not entitled to an award of attorney fees on appeal under Idaho Code section 12-117 because she was not an adverse party to Blaine County.*

Gruver seeks attorney fees on appeal under Idaho Code section 12-117(1), and costs under Idaho Appellate Rule 40(a). Although Gruver is also a prevailing party on appeal, we have held that intervenors who are on the same side as the county in litigation are not entitled to attorney fees under Idaho Code section 12-117 because they are not adverse parties as required by the statute. *See Neighbors for Responsible Growth*, 147 Idaho at 177, 207 P.3d at 153; *accord Galli v. Idaho County*, 146 Idaho 155, 191 P.3d 233 (2008). We explained in *Neighbors for Responsible Growth* that Idaho Code section 12-117 "has never been amended . . . to provide for an award to a person who is not adverse to the governmental entity." *Id.* "We decline to infer that the legislature intended that one person might recover from another person under I.C. § 12-117 solely because of

14

the presence of a governmental entity in the litigation." *Id.* at 177-78, 207 P.3d at 153-54. As a result, Gruver is not entitled to an award of attorney fees on appeal. However, as a prevailing party, Gruver is entitled to costs on appeal under Idaho Appellate Rule 40(a).

       *3. Sullivan is not entitled to an award of attorney fees on appeal.*

Sullivan seeks attorney fees on appeal under Idaho Code section 12-117(1), Idaho Appellate Rules 11.2, 40(a), and 41, and Idaho Rule of Civil Procedure 11(b). As Sullivan is not the prevailing party on appeal, she is not entitled to an award of attorney fees.

## IV.    CONCLUSION

For the above-stated reasons, the district court's decision is affirmed. Blaine County is entitled to an award of attorney fees on appeal under Idaho Code section 12-117(1). It is also entitled to costs on appeal. We decline to award attorney fees on appeal to Megan Gruver or Catherine Sullivan. However, Gruver is entitled to costs on appeal.

Chief Justice BEVAN and Justices BRODY, MOELLER and ZAHN CONCUR.